UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-23722-CIV-WILLIAMS

ROY STEPHEN SHIVER,

    Plaintiff,

vs.

CITY OF OPA-LOCKA, MYRA TAYLOR,
and GEORGE HOWARD.

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court upon Defendant Myra Taylor's motion to dismiss Count II of Plaintiff's amended complaint (DE 12), Plaintiff's response in opposition to the motion (DE 23), and Taylor's reply (DE 25). For the reasons discussed below, Taylor's motion is **GRANTED**.

### I.   BACKGROUND

This case arises from Plaintiff's termination as the city manager of the City of Opa-Locka. Plaintiff's sole claim against Taylor (Count II) alleges whistleblower retaliation under Fla. Stat. § 112.3187. According to Plaintiff's amended complaint (DE 1-2),[1] Taylor was the Mayor of Opa-Locka while Plaintiff served as city manager. During his tenure, Plaintiff learned about an illegal kickback scheme involving Taylor and her husband, Bishop Taylor. Specifically, Plaintiff was instructed to approve a change order in the amount of $272,000.00 from United States Associations of CDC,

---

[1] The Court accepts Plaintiff's allegations as true for purposes of this motion to dismiss. *See Speaker v. U.S. Dept, of Health and Human Services Ctrs. For Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010).

Inc. ("USACDC") for a construction project called Pump Station 5. In exchange, the owner of USACDC, Defendant George Howard, would deliver $150,000.00 to Taylor and Bishop Taylor for Bishop Taylor's church. Plaintiff recommended to the City Commission that the change order be denied, and Plaintiff objected to the scheme directly to Taylor.

As city manager, Plaintiff also determined that Opa-Locka faced an emergency financial crisis due to a lack of funds. Plaintiff alleges he was obligated under Fla. Stat. § 218.503(1)-(2) to report the financial situation to Florida's Governor Rick Scott. On October 22, 2015, Plaintiff sent a letter to Governor Scott advising him of Opa-Locka's dire financial condition. Plaintiff claims that after writing this letter, Taylor, Howard, Opa-Locka and Bishop Taylor concocted a false justification to terminate Plaintiff from his employment. On October 16, 2015, Howard wrote a letter to Opa-Locka—which was ultimately published in the Miami Herald—alleging Plaintiff sought an illegal bribe in connection with the Pump Station 5 change order. On November 24, 2015, Taylor called a Special Commission Meeting to vote on Plaintiff's termination. At the meeting, the Commission voted to terminate Plaintiff.

Plaintiff's amended complaint alleges Taylor violated Florida's Whistle-blower's Act, Fla. Stat. § 112.3187. Plaintiff claims that Taylor sought Plaintiff's dismissal as city manager in retaliation for his refusing to participate in Taylor's illegal kick-back scheme, and for sending correspondence to Governor Scott regarding Opa-Locka's acts of gross mismanagement, malfeasance, and gross waste of public funds. In response, Taylor

2

moves to dismiss Plaintiff's claim against her because Fla. Stat. § 112.3187 does not apply to individuals acting in their individual capacity.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

## III. DISCUSSION

Plaintiff asserts one claim against Taylor (Count II) for whistleblower retaliation under Fla. Stat. § 112.3187. Florida's Whistle-blower's Act, Fla. Stat. § 112.3187(4),

prohibits an "agency or independent contractor" from retaliating against an employee. The statute specifies that its legislative intent is to prevent "agencies or independent contractors" from taking retaliatory action against certain protected persons. *Id.* at § 2. And section 3(a) of the statute defines "agency" as follows:

> "Agency" means any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university.

Taylor argues that she cannot be held individually liable under this statute because she does not qualify as an "agency" under section 3(a). (DE 12). Plaintiff responds that Taylor, as Mayor of Opa-Locka, is an "official" covered by the statute's definition of "agency" and thus may be held individually liable.

The Court agrees with Taylor that she cannot be held individually liable under Fla. Stat. § 112.3187. In *De Armas v. Ross*, 680 So. 2d 1130, 1131 (Fla. 3d DCA 1996), Florida's Third District Court of Appeals was "convinced from a reading of section 112.3187, that the Legislature did not intend to subject officials or officers of an agency to suit in their individual capacities for alleged violations of the Act. Specifically, subsection (9) makes it clear that the relief afforded under the Act is against the entity that the official represents or of which he or she is the head." The *De Armas* court therefore affirmed the trial court's dismissal of a complaint against the defendants in their individual capacities. Other courts have followed suit. *See e.g., Irwin v. Miami-Dade Cty. Pub. Sch.*, No. 06-23029-CIV, 2009 WL 465061, at *8 (S.D. Fla. Feb. 24, 2009) (holding that claims under Fla. Stat. § 112.3187 are not actionable against any

4

person acting in their individual capacity); *Adamson-James v. Fla. Dep't of Corr.*, No. 6:11-CV-628-ORL-36, 2013 WL 1968499, at *9 (M.D. Fla. May 13, 2013) ("§ 112.3187 does not provide a cause of action against public officials in their individual capacity.").

Plaintiff fails to offer any case law supporting his position, and the Court has found none.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Myra Taylor's motion to dismiss Count II of Plaintiff's amended complaint (DE 12) is **GRANTED**. Defendant Myra Tyler is **DISMISSED** from this case without prejudice.

**DONE AND ORDERED** in chambers in Miami, Florida, this 14th day of June, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE