UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-23722-CIV-WILLIAMS

ROY STEPHEN SHIVER,

    Plaintiff,

vs.

CITY OF OPA-LOCKA, MYRA TAYLOR,
and GEORGE HOWARD.

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court upon Defendant City of Opa-Locka's motion to dismiss Counts I and IV of Plaintiff's amended complaint (DE 13), and Plaintiff's response in opposition to the motion (DE 22). For the reasons discussed below, Defendant's motion is **GRANTED IN PART AND DENIED IN PART.**

### I. BACKGROUND

This case arises from Plaintiff's termination as the city manager of the City of Opa-Locka. According to Plaintiff's amended complaint (DE 1-2),[1] on September 2, 2015, Opa-Locka selected Plaintiff as its city manager. Opa-Locka, through the city commission and its mayor, Defendant Myra Taylor, approved the terms and conditions of Plaintiff's employment contract two days later. Plaintiff's employment agreement is attached to the amended complaint as an exhibit. (DE 1-2 at 12-18 ("Empl. Agr."). The "Termination" section of the employment agreement states, in part, that "[t]his

---

[1] The Court accepts Plaintiff's allegations as true for purposes of this motion to dismiss. *See Speaker v. U.S. Dept, of Health and Human Services Ctrs. For Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010).

Agreement may only be terminated if the City Manager abandon [sic] his job or is formally charged for criminal conduct." Empl. Agr. § 9.

Plaintiff alleges that during his tenure as city manager, he learned about an illegal kickback scheme involving Taylor and her husband, Bishop Taylor. Specifically, Plaintiff was instructed to approve a change order in the amount of $272,000.00 from United States Associations of CDC, Inc. ("USACDC") for a construction project called Pump Station 5. In exchange, the owner of USACDC, Defendant George Howard, would deliver $150,000.00 to Taylor and Bishop Taylor for Bishop Taylor's church. Plaintiff recommended to the City Commission that the change order be denied, and Plaintiff objected to the scheme directly to Taylor.

As city manager, Plaintiff also determined that Opa-Locka faced an emergency financial crisis due to a lack of funds. Plaintiff alleges he was obligated under Fla. Stat. § 218.503(1)-(2) to report the financial situation to Florida's Governor Rick Scott. On October 22, 2015, Plaintiff sent a letter to Governor Scott advising him of Opa-Locka's dire financial condition. Plaintiff claims that after writing this letter, Taylor, Howard, Bishop Taylor and "Opa-Locka" concocted a false justification to terminate Plaintiff from his employment. On October 16, 2015, Howard wrote a letter to Opa-Locka—which was ultimately published in the Miami Herald—alleging that Plaintiff sought an illegal bribe in connection with the Pump Station 5 change order. On November 24, 2015, Taylor called a Special Commission Meeting to vote on Plaintiff's termination. At the meeting, the Commission voted to terminate Plaintiff.

Plaintiff also alleges that he endured racial discrimination while he served as Opa-Locka's city manager. For example, in a meeting between Plaintiff, Taylor, and Bishop Taylor, Bishop Taylor told Plaintiff "you need to understand that my wife [Taylor] is already being pressured because of you being white and in any future election she is going to have to explain that." Taylor and Bishop Taylor also demanded that Plaintiff pay $3,000.00 to Bishop Taylor's church because Plaintiff was the "white boy" that Taylor would have to explain hiring. Moreover, within the first month of Plaintiff's employment, Taylor told Plaintiff "you can't fix Opa-Locka Mr. Shiver. There isn't no way a white boy is going to come in to fix it for the black folks." Finally, Plaintiff claims that Taylor and her supporters peppered him with racial slurs during the November 24, 2015 meeting when his employment was terminated.

Plaintiff asserts three claims against Opa-Locka: breach of employment agreement (Count I), retaliation in violation of Florida's Whistle-blower's Act, Fla. Stat. § 112.3187 (Count II), and racial discrimination in violation of Title VII of the Civil Rights Act of 1984, 42 U.S.C. 2000e *et seq.* (Count IV). Opa-Locka moves to dismiss Counts I and IV for failure to state a claim.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and

all reasonable inferences are drawn in the plaintiff's favor. See *Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); see also *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

## III. DISCUSSION

### A. Breach of Plaintiff's Employment Agreement

Opa-Locka argues that Plaintiff's employment agreement is "void and unenforceable" because it was not executed by the city manager or the assistant city manager and the city clerk. In support of its argument, Opa-Locka points to Article VI, Sec. 2-322.1 of Opa-Locka's Code of Ordinances that requires a city manager to execute and sign "all contracts awarded by the governing body and authorized pursuant to law." (DE 13-1). This ordinance provides that in the absence of the city manager, the assistant city manager may execute and sign all contracts which shall be attested by the city clerk. *Id.*

The Court agrees with Plaintiff that this city ordinance is inapplicable to Plaintiff's employment agreement. As Plaintiff correctly notes,[2] Article VI of Opa-Locka's Code of Ordinances—in which Sec. 2-322.1 is located—deals with Purchasing. (DE 22-1). It has nothing to do with how a city manager is hired. Instead, Article III of Opa-Locka's Code of Ordinances applies to the appointment of a city manager. (DE 22-2). Section 3.2 of Article III provides that the "City Manager" shall be appointed by a majority vote of the Commission. *Id.* The amended complaint properly pleads that Plaintiff was selected pursuant to a majority vote of the Commission. (DE 1-2 ¶ 9). The Court therefore denies Opa-Locka's motion to dismiss Count I.

B.   **Racial Discrimination**

Opa-Locka also moves to dismiss Count IV of Plaintiff's amended complaint alleging racial discrimination. Opa-Locka argues that Plaintiff's claim is fatally defective because Plaintiff fails to identify a similarly-situated employee outside his protected class who was treated more favorably. In addition, Opa-Locka notes that the City Commission voted to terminate Plaintiff. As a result, Opa-Locka argues that Plaintiff was required to allege that a majority of the City Commission possessed an unlawful, race-based animus in terminating Plaintiff. Because Plaintiff's amended complaint is silent as to the animus of other city commissioners, Opa-Locka argues Count IV must be dismissed.

Plaintiff's response in opposition to Opa-Locka's motion to dismiss (DE 22) states that "[Plaintiff] concedes as to Defendant [Opa-Locka]'s argument as to Count IV, Racial

---

[2] Although Opa-Locka was not required to file a reply responding to Plaintiff's arguments, its failure to address its obvious error is telling.

Discrimination and requests an opportunity to amend." Accordingly, the Court grants Opa-Locka's motion to dismiss Count IV. The Court explicitly declines, however, to determine the merits of Opa-Locka's arguments. As to Plaintiff's "request" to amend his complaint, the Court refers Plaintiff to Local Rule 15.1 and admonishes him for failing to comply with the Court's Local Rules.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Opa-Locka's motion to dismiss Counts I and IV of Plaintiff's amended complaint (DE 13) is **GRANTED IN PART AND DENIED IN PART.** The motion is **DENIED** as to Count I and **GRANTED** without prejudice as to Count IV.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of June, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE